22

THE STATE, EX REL. EVERSON, APPELLANT, *v.* GEORGE, JUDGE, APPELLEE.

(No. 40659—Decided January 10, 1968.)

*Mr. Robert R. Lavercombe,* for appellant.
*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Raymond C. Wetherell,* for appellee.

*Per Curiam* (Schneider, J.)   Counsel for appellant concedes that, with the consent of counsel, the court considered the original petition and answer "as upon a demurrer and disposed of the case on the pleadings." He claims no prejudice from the unendorsed entry. He apparently had notice of its docketing and its contents in

ample time for an appeal. In fact, the amended petition was filed within the time permitted for an appeal from that entry.

Appellant contends, however, that "when a court allows an amended petition to be filed by leave, and no answer or demurrer is filed in response, the party filing the amended petition should be allowed to proceed with proof of his case or should be granted relief as on default," citing 43 Ohio Jurisprudence 2d, 210 and 325, Sections 195 and 309.

This is a correct proposition of law. Furthermore, a court should afford a party every reasonable opportunity to correct or amend his pleading.

But, where the order sustaining the demurrer absolutely prevents the judgment and the right to amend would be of no avail, there is a final appealable order. *Schindler* v. *Standard Oil Co.*, 165 Ohio St. 76.

And where, as here, counsel has consented to the final disposition of the cause on the subsisting pleadings, he will not be heard to complain that his client has been deprived of a right to plead further. Indeed, after the final order was entered, the court, much less one judge thereof, had no power to grant leave to file the amended petition. Such act was a nullity.

We have compared the original and amended petitions and find that the only variance is the addition in the latter of one sentence containing a legal conclusion.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.

TAFT, C. J., concurs in the judgment for the reasons stated in the first sentence and next to last paragraph of opinion.